UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MURRAY,

    Plaintiff,

v.

CITY OF WARREN and MAYOR
JAMES FOUTS,

    Defendants.

Case No. 2:19-cv-13010
Hon. Gershwin A. Drain
Mag. Steven R. Whalen

_____

| JONATHAN R. MARKO (P72450) | ROBERT T. CAROLLO, JR. (P76542) |
|---|---|
| MARKO LAW, PLLC | KIRK, HUTH, LANGE & |
| Attorneys for Plaintiff | BADALAMENTI, PLC |
| 1300 Broadway Street | Attorneys for Defendant |
| Fifth Floor | 19500 Hall Road, Suite 100 |
| Detroit, MI 48226 | Clinton Township, MI 48038 |
| (313) 777-7529 / F: (313) 771-5785 | 586.412.4900 phone |
| jon@jmarkolaw.com | 586.412.4949 fax |
| | rcarollo@kirkhuthlaw.com |

_____

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

NOW COMES Plaintiff, Gregory Murray, by and through his attorneys, MARKO LAW PLLC, and for his Motion to Compel Discovery, states as follows:

1. This case arises out of the custom, policy, and practice of racial discrimination, disparate treatment, and retaliation perpetuated by Defendants and faced by Plaintiff while employed by the Defendant City of Warren as the Defendant City's first African American diversity coordinator.

2. In accordance with Fed. R. Civ. P. 26, 33, and 34, Plaintiff served Defendants his First Set of Interrogatories and Requests to Produce, on January 14, 2020.

3. Defendants answered Plaintiff's first set of discovery on March 20, 2020. **(Exhibit 1- Defendants Answers to Discovery).**

4. On March 23, 2020, Plaintiff's counsel indicated to Defendant's counsel that several responses were clearly deficient and requested clarification. Specifically, interrogatories 2, 8, 10, and 17, and request for production 14, 15, 16, 17, 18, 20, 24, 25, and 26 require responsive answers or supplementation. Plaintiff's counsel attempted to follow-up again on March 24, 2020, with no response. **(Exhibit 2- Emails to Defendant).**

5. As of the date of this motion, Defendants have not responded and have failed and/or refused to supplement their responses or provide full answers to Plaintiff's discovery requests.

6. In its answers, Defendants attempts to hide behind inappropriate, blanket objections, including relevance, undue burden, and assertions of work-product doctrine and/or attorney-client privilege.

7. Defendants do nothing to provide Plaintiff notice regarding the nature of the privileges asserted and the documents to which the alleged privileges apply,

including failing to produce a privilege log allowing Plaintiff to ascertain whether its objections were appropriate or not.

8. The information and documents requested are clearly relevant, and even if the claimed privileges do apply, Plaintiff has a substantial need and undue hardship as it relates to the discovery requested.

9. As Plaintiff bears the burden of establishing the prima facie elements of his claims, Plaintiff is unable to properly prepare his case and proceed with discovery without the information to be obtained through Defendant responding to these discovery requests.

10. Defendants' attempts to frustrate discovery of information are unjustified and, pursuant to Fed. R. Civ. P. 37, provide sufficient grounds for this Court to compel Defendants to produce full and adequate responses to Plaintiff's discovery requests.

11. Plaintiff has acted in good faith in an attempt to confer with Defendants to provide sufficient discovery responses without Court action, but Defendants' non-responsiveness necessitates a Motion to Compel from this Court.

12. At a minimum, Plaintiff respectfully requests that this Honorable Court conduct an in-camera inspection of Defendants' records to determine whether the discovery requested is subject to privilege.

WHEREFORE, Plaintiff requests that this Honorable Court GRANT Plaintiff's Motion to Compel Defendants' discovery within seven (7) days, or alternatively, asks that the Court hold an in-camera review of the discovery requested to deem which items Defendants should be required to produce.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway, Fifth Floor
Detroit, MI 48226
Phone: 313-777-7529
Fax:    313-777-5785
Email: jon@jmarkolaw.com

Dated: March 30, 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MURRAY,

    Plaintiff,

v.

CITY OF WARREN and MAYOR
JAMES FOUTS,

    Defendants.

Case No. 2:19-cv-13010
Hon. Gershwin A. Drain
Mag. Steven R. Whalen

_____

| JONATHAN R. MARKO (P72450) | ROBERT T. CAROLLO, JR. (P76542) |
|---|---|
| MARKO LAW, PLLC | KIRK, HUTH, LANGE & |
| Attorneys for Plaintiff | BADALAMENTI, PLC |
| 27735 Jefferson | Attorneys for Defendant |
| St. Clair Shores, MI 48081 | 19500 Hall Road, Suite 100 |
| 313.777.7528 phone | Clinton Township, MI 48038 |
| 313.771.5785 fax | 586.412.4900 phone |
| jon@jmarkolaw.com | 586.412.4949 fax |
| | rcarollo@kirkhuthlaw.com |

_____

### **PLAINTIFF'S BRIEF IN SUPOPORT OF MOTION TO COMPEL DISCOVERY**

NOW COMES Plaintiff Gregory Murray, by and between his attorneys MARKO LAW PLLC, and for his Motion to Compel Discovery, states as follows:

### **INTRODUCTION**

This case arises out of the hostile work environment, discrimination, disparate treatment, and retaliation that Plaintiff was subjected to while he was employed as a diversity coordinator by the Defendant City of Warren. In response to Plaintiff's

January 14, 2020, First Set of Interrogatories and Request to Produce, Defendants attempt to hide behind misplaced, form objections as well the guise of attorney-client privilege and work-product as it relates to several material requests, producing no responsive information that is highly relevant to the very core of this action. The information and documents requested are crucial to this matter and their production should be required.

## LAW AND ANALYSIS

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Under this standard, the Rules envision and require open, far-reaching discovery. *See Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (*citing Mellon v. Cooper- Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). FRCP 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

## I. THE INFORMATION REQUESTED IS HIGHLY RELEVANT, NON-PRIVILEGED AND REASONABLY CALCULATED TO LEAD TO ADMISSIBLE EVIDENCE AND SHOULD BE PRODUCED.

The subject Interrogatories and Request to Produce Documents are nothing out of the ordinary and ask Defendants to provide information highly relative to this action. The information requested is: 1) clearly relevant, e.g., would help to prove or disprove a fact of consequence to the outcome of this action; 2) non-privileged; and 3) reasonably calculated to lead to admissible evidence. As a consequence, the information should be produced forthwith.

### A. Information Regarding Witnesses & Persons with Knowledge of Facts

In Interrogatory Number 2, Plaintiff requests detailed information regarding persons or potential witnesses known by Defendants that may have knowledge of the facts pertaining to this lawsuit, including but not limited to employment information, the subject matter to which they may testify, etc. Defendants responds to this request by directing Plaintiff to see Defendants' Initial Disclosures, which do nothing more than list Plaintiff and the names of a few past/present employees, officers, representatives, and/or custodians of records for the Defendant City. As this information is unquestionably relevant as it is clearly necessary for Plaintiff to properly prepare for and proceed with his case, Plaintiff is entitled to a responsive answer.

### B. Prior Complaints of Wrongful Conduct & Investigations Involving Plaintiff

In Interrogatories 8, 10, and 17, Plaintiff requests information regarding each oral or written complaint of discrimination, harassment, retaliation, and/or wrongful termination against Defendant in the past 10 years, as well as any grievances, EEO, EEOC, complaints, etc., to which Defendants responded as follows:

> ANSWER: Defendants object to this request as grossly overbroad and unduly burdensome. Incidents of allegation of discrimination on grounds dissimilar to those claims raised by Plaintiff are completely irrelevant and immaterial to this litigation. As to any allegations based on racial discrimination, Defendants object to this request where it seeks information grossly exceeding any relevant time-frame proportionate to the allegations in this case. Subject to and without waving any objections, other than Plaintiff's Charge of Discrimination dated August 21, 2018, Defendants are not aware of any other race-based discrimination claims against Defendants for any mayoral appointee of Mayor James Fouts.

In request to produce number 17, Plaintiff similarly asks for any and all discrimination complaints against Jere Green. Mr. Green was one of the City of Warren employees that directly harassed and discriminated against Plaintiff based on his race. This information is material to Plaintiff's claim as it will go to show the wrongful conduct directed to Plaintiff and well as Defendants custom and policy of harassment and discrimination over time. Additionally, as requested in request to produce number 20, copies of any and all investigatory packets and materials for any investigations involving Plaintiff will result in the production of information related to the very core of this action. The information is clearly of the utmost relevance, is material to Plaintiff's claims, and it is very unlikely that all of the information requested is protected by privilege in their entirety.

### C. Employee Personnel Files

Request to produce number 18 requests the personnel files of city employees James Fouts, Jere Green, and Ethan Vinson, who all participated in, or perpetuated the discrimination, harassment, and retaliation faced by Plaintiff. Defendant responded to this request by stating that the request seeks irrelevant and immaterial information, is unduly burdensome, and protected by privilege. An assertion that employment files are protected by privilege is ridiculous and the documents requested are clearly relevant in showing not only information related to the matter at hand, but also, again, Defendants custom and policy of harassment and discrimination over time.

In *Oates v Target Corp*, ___F Supp 3d___; 2012 U.S. Dist. LEXIS 142333 (ED Mich, Oct. 2, 2012), this Court dealt with a similar situation where a Defendant refused to provide discovery requests, one of which being the personnel file of an employee whose conduct necessitated the lawsuit. In granting Plaintiff's motion to compel production of said personnel file, the Court stated, "Although Defendant has maintained its objection throughout this discovery dispute, Defendant has made no argument suggesting why this information is unrelated to Plaintiff's claims, and Defendant has provided no legal authority suggesting that such information is not discoverable." *Id*. at 20. Furthermore, in *Rollins v FMR Corp*, ___F Supp 3d___; 2016 U.S. Dist. LEXIS 166468 (ED Mich, Dec. 2, 2016), this Court stated that an employee's entire personnel file was discoverable where it "could" contain

information relevant to establishing an element of the Plaintiff's claim, even where the employee was a non-party. *Id.* at 15-16. All of the requests made by Plaintiff in his discovery requests will contain relevant information necessary to establishing elements of his claims.

### D. Communications, Emails, and Phones

In response to request to produce 16, Plaintiff seeks communications, including but not limited to emails, related to the handling of Plaintiff's reports of discrimination, to which Defendant, again, objects to, stating that the information requested is irrelevant, immaterial, unduly burdensome, and protected by the attorney-client privilege and attorney work product privilege. Requests to produce numbers 24 and 25 request email accounts of certain city employees as well as responsive emails with certain key words related to Plaintiff's claims. Request to produce number 26 asks for cell phones operated by those same individuals whose conduct necessitated this lawsuit

According to *Flagg v City of Detroit*, 252 FRD 346, 352 (ED Mich, 2008), wherein the Court determined that text messages would be an appropriate subject of a Rule 34 request for production:

> Under Rule 34(a), a party may request the production of documents and various other categories of items that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The items that may be sought under the Rule include "electronically stored information," Fed. R. Civ. P. 34(a)(1), which plainly

> encompasses both electronic communications and archived copies of such communications that are preserved in electronic form, *see* Fed. R. Civ. P. 34, Advisory Committee Note to 2006 Amendments; *Zubulake v. UBS Warburg LLC,* 217 F.R.D. 309, 317 & nn. 36-38 (S.D.N.Y. 2003).

As discussed by a similarly situated court, there is "no principled reason to articulate different standards for the discoverability of communications through email, text message," etc. *Robinson v. Jones LangLaSalle Ams., Inc*., No. 3:12-cv-00127-PK, 2012 WL 3763545, at 1 (D. Ore. Aug. 29, 2012). Communications through all formats, whether it be email or by phone, will go to show the hostile work environment, discrimination, disparate treatment, and retaliation faced by Plaintiff, Defendants' knowledge of such, the actions taken by Defendant thereafter, as well as the similarly wrongful conduct of Defendants in the past. The information is clearly of the utmost relevance, is material to all of Plaintiff's claims, and it is very unlikely that all of the information requested is protected by privilege in their entirety.

### E. Tax and Pay Records

Finally, in response to request to produce 14, and 15, requesting Plaintiff's income tax records, W-2 earnings statements, and payroll/paycheck stubs, Defendant states that the request is unduly burdensome and that the records should be in Plaintiff's possession. They are not and as Plaintiff's employer, these documents are presumably, are easily accessible in Plaintiff's employment file.

## II. DEFENDANTS FAILED TO PRODUCE PRIVILEGE LOGS

Pursuant to FRCP 26(b)(5),

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) *describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.* (emphasis added).

The purpose of a privilege log is to allow the non-objecting party enough information to assess whether it is a valid claim of privilege or not. Defendants claim privilege on several discovery request yet fail to provide any details allowing Plaintiff to review that assertion for appropriateness. As the information requested is of the utmost importance to this action, Plaintiff cannot blindly accept Defendants' blanket statements as it relates to all of his requests and posits that the requests made are not all subject to privilege.

## III. EVEN IF PRIVILEGE APPLIES, PLAINTIFF HAS A SUBSTANTIAL NEED FOR THE DISCOVERY

Even if the work product doctrine did apply, Defendants must still be compelled to produce the requested information where Plaintiff demonstrates a substantial need. Fed. R. Civ. P. 26(b)(3) further states that materials prepared in

anticipation of litigation are otherwise discoverable if the party (in this case, Plaintiff) shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Plaintiff is clearly unable to obtain the information requested elsewhere and that the information and documents requested go to the very root of this action. Plaintiff cannot obtain any "substantial equivalent" by other means, rendering the exception to the work-product rule appropriate.

## IV. IF DEFENDANTS ARE NOT ORDERED TO PRODUCE DOCUMENTS OUTRIGHT, THIS COURT SHOULD CONDUCT AN IN-CAMERA REVIEW

Courts may order the production of a privilege log and/or conduct an in-camera inspection when a dispute arises over a claim of privilege. Should this Court determine that Defendants are not required to produce the information and documents requested, Plaintiff respectfully moves for an in-camera inspection of the documents withheld from discovery to determine if Defendants assertions of privilege are appropriate.

## **CONCLUSION**

WHEREFORE, Plaintiff requests that this Honorable Court GRANT Plaintiff's Motion to Compel Defendants' discovery within seven (7) days, or alternatively, asks that the Court hold an in-camera review of the discovery requested to deem which items Defendants should be required to produce.

                                                              Respectfully submitted,

                                                              /s/ *Jonathan R. Marko*
                                                              Jonathan R. Marko (P72450)
                                                              **MARKO LAW, PLLC**
                                                              1300 Broadway, Fifth Floor
                                                              Detroit, MI 48226
                                                              Phone: 313-777-7529
                                                              Fax:    313-777-5785
                                                              Email: jon@jmarkolaw.com

Dated: March 30, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, I presented the foregoing paper to this Court's MiFile System which will send notification of such filing to the above listed attorneys of record.

                                        /s/ *Marissa A. Williams*