# EXHIBIT 1



ROBERT W. KIRK *
ROBERT S. HUTH, JR.
CRAIG W. LANGE
RAECHEL M. BADALAMENTI
MARYANNE J. DENEWETH
MICHAEL C. TAYLOR
ROSEMARY V. DAVIS
PATRICK S. MCKAY
ELIZABETH P. ROBERTS
ROBERT T. CAROLLO, JR.
RYAN J. L. FANTUZZI **

\* Also Member of Florida Bar
\*\*Also Member of Virginia Bar

WRITER'S E-MAIL:  rbadalamenti@KirkHuthLaw.cc
FACSIMILE: (586) 412-4949

19500 HALL ROAD
SUITE 100
CLINTON TOWNSHIP, MICHIGAN 48038
(586) 412-4900

**www.KirkHuthLaw.com**

March 20, 2020

Jonathan R. Marko, Esq.
MARKO LAW, PLLC
1300 Broadway Street, Fifth Floor
Detroit, MI 48226

Re:   **Gregory Murray v. City of Warren, et al.**
      **U.S.D.C. Case No. 2:19-cv-13010**
      **ALT #:  0077357**
      **Claim Number:  CN0-18-29-01**

Dear Mr. Marko:

Enclosed please find Response to Plaintiff's First Interrogatories and Requests to Produce to All Defendants, along with two (2) disks of records, and Certificate of Service thereon.

Please contact our office, if you have any comments or questions.

Very truly yours,

**KIRK, HUTH, LANGE & BADALAMENTI**, PLC

*Raechel M. Badalamenti*

Raechel M. Badalamenti

RMB/smh
Enclosure
xc:    George Dimas (via e-mail)
       Kimberlee A. Hanes (via e-mail)
       Ethan Vinson (via e-mail)
       Mary Michaels (via e-mail)
       Jennifer Decker (via e-mail)
       Christina Grusser (via e-mail)
       Craig Wilder (via e-mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MURRAY,

     Plaintiff,

vs.

CITY OF WARREN and MAYOR JAMES FOUTS,

     Defendants.

Case No. 2:19-cv-13010
Hon. Gershwin A. Drain
Mag. R. Steven Whalen

/

| MARKO LAW, PLLC | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
|---|---|
| By: JONATHAN R. MARKO (P72450) | By: ROBERT S. HUTH, JR. (P42531) |
| Attorneys for Plaintiff | RAECHEL M. BADALAMENTI (P64361) |
| 1300 Broadway Street | ROBERT T. CAROLLO, JR. (P76542) |
| Fifth Floor | Attorneys for Defendants |
| Detroit, MI 48226 | 19500 Hall Road, Suite 100 |
| jon@jmarkolaw.com | Clinton Township, MI  48038 |
| | (586) 412-4900     Fax:  (586) 412-4949 |
| | rhuth@KirkHuthLaw.com |
| | rbadalamenti@KirkHuthLaw.com |
| | rcarollo@KirkHuthLaw.com |

/

### RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS TO PRODUCE TO ALL DEFENDANTS

    **NOW COME** Defendants, by and through their attorneys, KIRK, HUTH, LANGE, & BADALAMENTI P.L.C., and in Answer to Plaintiff's First Interrogatories and Requests for Production of Documents to Defendants, state as follows:

### GENERAL OBJECTIONS

    1.  Defendants object to these requests to the extent that the requests (1) exceed the scope of permissible discovery and (2) improperly attempt to impose an unreasonable burden and expense on Defendants.

    2.  Defendants object to those requests that seek confidential or private information.  Insofar

1

as the Federal Rules of Civil Procedure require the production of such information, Defendants object to providing such documents before entry of a suitable protective order to maintain the confidentiality of such information.

3. Defendants object to Plaintiffs' definitions and instructions as improper and unduly burdensome to the extent that they (1) purport to impose any obligations broader than those set forth in the Federal Rules of Civil Procedure; (2) purport to define terms or phrases in a manner different from their ordinary common meaning; and/or (3) improperly seek information protected by the attorney-client privilege or attorney work-product doctrine.

4. Defendants reserve the right to supplement any of its answers should further information be obtained in the course of discovery or investigation in this matter.

5. Defendants object to Plaintiffs' requests to the extent they require Defendants to predict what, if any, testimony Defendants will elicit from the witnesses listed in their Witness List(s). Many of the individuals that will be listed in Defendants' Witness List(s) are listed to preserve Defendants' right to call them as witnesses in the event the proofs of Plaintiffs' case in chief warrant testimony from said witnesses. Therefore, Defendants cannot state in specific, or even general terms, what testimony Defendants expect those witnesses to testify to without knowing what evidence, if any, is received in Plaintiffs' case in chief. This being so, Plaintiffs' requests are unduly burdensome.

Defendants incorporate the foregoing general objections into each and every objection and/or individual response contained herein and into each and every amendment, supplement or modification to these responses hereinafter provided to the specific request propounded by Plaintiffs. Defendants do not intend to waive any general objection response to any specific request. Subject to and without waiving these objections, Defendants respond to the requests as follows:

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

<div style="text-align:center"><b><u>INTERROGATORIES</u></b></div>

**<u>INTERROGATORY NUMBER 1</u>**

As to the person(s) who is swearing to the accuracy of the statements contained within these answers, please state, your name, address, telephone number, name of your employer, position and title, how long you have been employed there, and whether you have read and understood the instructions and definitions section of these interrogatories.

**<u>ANSWER</u>: These Responses were prepared by outside counsel for Defendants, as captioned above, with the assistance of Ethan Vinson (City Attorney) from the City of Warren.**

**<u>INTERROGATORY NUMBER 2</u>**

As to all persons or potential witnesses in this lawsuit known to Defendant that may have any knowledge whatsoever of the facts pertaining to this lawsuit and/or Plaintiff's allegations set forth in her Complaint, and/or Defendants' Answer and Affirmative Defenses, please state their names, addresses and telephone numbers, their current employer and title, their relationship to the Defendant, the subject matter or area on which each will testify, the nature/scope of their statement, the facts and opinions on which each person will testify, any statement(s) taken (whether written, oral, recorded, etc.), and produce all documents related to the above.

**<u>ANSWER</u>: See Defendants' Initial Disclosures previously produced in this matter. Discovery is ongoing, Defendants reserve the right to supplement this response.**

**<u>INTERROGATORY NUMBER 3</u>**

Please identify each person that Defendant(s) expects to call as an expert witness at the time of trial. For each person identified as an expert, please provide the identity, address, telephone number, job

<div style="text-align:left;writing-mode:vertical-rl">KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.</div>

<div style="text-align:center">3</div>

title and professional affiliation of any and all experts identified, the subject matter about which the expert expected to testify, the substance of all opinions which the expert expects to render at trial, identify and describe all data or other information considered by each expert in forming opinions, all facts which support the opinions that the expert is expected to render at trial, a summary of the grounds supporting each opinion the expert is expected to render at trial, whether the expert has reduced his or her opinion to writing, the current custodian of any such report or writing, the qualification of each expert, including a list of all publications authored by each expert within the preceding ten (10) years, a list of all cases in which that expert has testified as an expert in trial or by deposition within the preceding five (5) years; and the compensation to be paid for the study and testimony provided by each witness.

**ANSWER**:  **See Defendants' Initial Disclosures previously produced in this matter. No expert has been retained at this time.  Discovery is ongoing, Defendants reserve the right to supplement this response.**

**INTERROGATORY NUMBER 4**

Enumerate separately each and every defense that Defendant(s) has to the Complaint in this matter, and with respect to each defense, including all Affirmative Defenses that were filed in conjunction with Defendant(s)' Answer to Complaint, state all facts on which the defense is based, identify all persons having knowledge of such facts or defense, identify all documents which reflect, refer to or relate to such facts or defense; and produce all documents related to the above.

**ANSWER**: **In addition to the general objections above, Defendants object to this request where it seeks legal conclusions. Subject to and without waiving any objections, see Defendants' Motion for Partial Dismissal of the Complaint and the forthcoming Motion for Partial Dismissal of the Amended Complaint. The balance of defenses identifies their specific bases, including, Defendants were aware that Plaintiff was demanding a substantial raise and atypical staffing subordinate to his position, without reasonably or even adequately justifying the need for this substantial compensation increase or that his role required the staffing request. Defendants**

further rely on the fact that no adverse employment action was taken against Murray, who actually resigned in writing. In further answer, after Plaintiff's replacement, George Anthony, performed Plaintiff's role at a lower salary and without any of the staffing requested by Plaintiff. Mr. Anthony is also an African American male hired by the same administration that hired Mr. Murray. Finally, Mr. Murray's claims are defeated by the admissions he made already under oath in the matter of Howlett v. City of Warren, et. al. Discovery is ongoing, Defendants reserve the right to supplement this response.

**INTERROGATORY NUMBER 5**

As to any persons that Plaintiff reported to at any time during his employment and/or professional relationship with Defendant(s), please provide their names, titles and corresponding dates of employment, any and all documents, records, or logs related to transfers, reassignments, additions and/or terminations of any persons Plaintiff reported to, dates of transfers, reassignments, additions and/or terminations, and reasons for transfers, reassignments, additions and/or terminations.

**ANSWER: Plaintiff reported to the City of Warren Human Resources Director. From Plaintiff's hire date to approximately August 1, 2017, this was Phil Easter. Mr. Easter retired from the City. From August 1, 2017 to the date Plaintiff's resignation was accepted, the Director was Mark Simlar. Mr. Simlar left the City of Warren in 2019. Both individuals may be contacted through counsel for Defendants.**

**INTERROGATORY 6**

State whether Defendant and/or any of Defendant's employees, agents, and/or servants conducted any investigation of any type regarding the claims made by Plaintiff and identify, by name, job title and/or position with Defendant, last known address and telephone number, all dates of employment with Defendant, and supervisor each person who conducted, or assisted in conducting any such investigation and describe the nature of the investigation and any actions taken as a result of the investigation.

**ANSWER:   Defendants object to this request as ambiguous and vague rendering it unduly**

burdensome and impossible to answer where Plaintiff does not specify any particular complaint or even general subject matter of complaint that he is referring to in this request. Subject to and without waiving any objections, no investigation of Plaintiff or Plaintiff's asserted claims was conducted by the City of Warren. Further, it was Plaintiff who was responsible to investigate, if necessary, any reported issue regarding diversity during the time of Plaintiff's employment.

**INTERROGATORY NUMBER 7**

State whether you have obtained or received any statement (written, oral, recorded or otherwise), from any party to this action, or any person who is or who purports to be a current or former agent, servant, employee, or subcontractor of any party to this case, or any third-parties or nonparties, regarding the facts or claims set forth in Plaintiff's Complaint and/or Defendants' Answer and Affirmative Defenses.

If so, for each statement, set forth the date when and the place where the statement was made, the name and address of the person making the statement, the name and address of the person whom the statement was made, the name and address of every person present at the time of the statement, the substance of each such statement, the form in which the statement was obtained, if written, the name and address of the present custodian of the statement, the identity of all documents related in any way to the statement. Also, please attach a copy of all referenced statements and documents.

**ANSWER**: None to date. Defendants reserve the right to supplement this response.

**INTERROGATORY NUMBER 8**

At any time within the last 10 years, with respect to each oral or written complaint of discrimination of any kind against Defendant, please state the name of the complainant, present or last known address and telephone number of the complainant, the date of the complaint, the grounds for the complaint,

whether the complaint was filed with the Equal Employment Opportunity Commission (EEOC) and/or the Michigan Department of Civil Rights, whether the complaint was filed with the EEOC and/or the Michigan Department of Civil Rights was served upon Defendant(s) and the date of service, whether Defendant(s) received notice of the complaint by any other means, whether Defendant(s) responded to the complaint, and if so, the specific details of the response, the action, if any, taken by the EEOC and/or the Michigan Department of Civil Rights, the action taken, if any, by the employer, the final resolution and/or current status of the complaint; and produce all documents related to the above.

**ANSWER**: **Defendants object to this request as grossly overbroad and unduly burdensome. Incidents of allegation of discrimination on grounds dissimilar to those claims raised by Plaintiff are completely irrelevant and immaterial to this litigation. As to any allegations based on racial discrimination, Defendants object to this request where it seeks information grossly exceeding any relevant time-frame proportionate to the allegations in this case. Subject to and without waving any objections, other than Plaintiff's Charge of Discrimination dated August 21, 2018, Defendants are not aware of any other race-based discrimination claims against Defendants for any mayoral appointee of Mayor James Fouts.**

**INTERROGATORY NUMBER 9**

Does Defendant have any written policies concerning discrimination? If so, produce all such policies, list the date each policy was enacted in written form, describe any changes to such policies, the date such changes were made, and the substance of the changes, were the policies given to the Plaintiff? If so, when and by whom? Were the policies given to Plaintiff's supervisors? If so, when and by whom? Do you have an office or division that handles sexual harassment and/or discrimination complaints? If so, identify. Produce samples of any sexual harassment complaint forms available to employees to file a complaint.

**ANSWER**: **Defendants object to this request where Plaintiff, as the City's former diversity coordinator, has detailed knowledge as to the City's anti-discrimination policy and all**

7

procedures. Defendants further object to this request where it seeks information well beyond the scope of this litigation, including information related to sexual harassment which is not alleged in any manner by Plaintiff hereto rendering the request irrelevant, immaterial and inappropriate.  Subject to and without waiving any objections, the City's anti-discrimination policy at the time of Plaintiff's hiring was attached to Defendants' Rule 26(a)(1) disclosures.

## INTERROGATORY NUMBER 10

Identify any grievances, EEO, EEOC, Complaints, or other complaints of any kind made against you.

**ANSWER: See Response and objections to Interrogatory #8.**

## INTERROGATORY NUMBER 11

Set forth in detail which allegations in Plaintiff's complaint that Defendant was aware of prior to the service of the Complaint in this lawsuit, including the employee(s) who were aware of such facts, the facts which each employee was aware, the source of their knowledge, and Defendants response, if any, to such facts.

**ANSWER:** Defendants object to this request as ambiguous and vague rendering it unduly burdensome and impossible to answer where Plaintiff does not specify any particular complaint or even general subject matter of complaint that he is referring to in this request.  Moreover, his allegations in the Complaint are denied as exaggerations or blatant falsehoods. Subject to and without waiving any objections, Defendants were made aware of these allegations only after Plaintiff filed a charge with the EEOC approximately 9 months after his resignation was accepted by the City of Warren.  Prior to that time, Defendants were not aware of any of his claims.  In fact, Plaintiff demanded a substantial pay raise and atypical subordinate staffing without justification and tendered his resignation in the event these demands were not agreed to by the City.  The City accepted his resignation.

In further answer, after Plaintiff's resignation, his replacement, George Anthony, performed Plaintiff's role at a lower salary and without any of the staffing requested by Plaintiff.  Like Mr. Murray, Mr. Anthony is an African American male who was appointed by the same Mayor, Jim Fouts, to Diversity Coordinator position.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

**INTERROGATORY NUMBER 12**

If Defendant contends it had no knowledge of the discrimination alleged by Plaintiff, state with particularity all facts supporting that contention.

**ANSWER:  Defendants did not and do not have no knowledge of the claims being asserted by Plaintiff.  In fact, Plaintiff tendered his resignation to the City on the basis that the City would not immediately agree to his demands for a substantial pay raise and staff for his sub-department.  There was no adverse employment action.  Further, the was no claim by Plaintiff of discrimination.  Quite the contrary, Plaintiff regularly expressed his contentment and enjoyment of the job at the City of Warren and the people he worked directly with including Mayor Fouts.**

**INTERROGATORY NUMBER 13**

Specifically describe the duties and responsibilities Defendant expected Plaintiff to perform in each job or position Plaintiff occupied during his employment with Defendant stating the dates on which Plaintiff's duties and responsibilities changed, including a reduction in assignments, and why such changes were made.

**ANSWER:  Defendants object to this request where Plaintiff was largely responsible for defining his own roles and responsibilities and, in fact, drafted his own job description.  Subject to and without waiving any objections, Plaintiff was an appointed at-will employee within the City's Human Resource Department and from the date of his appointment to the date of his resignation, he was expected to provide recommendations to the Mayor's office and human resource department regarding diversity and diversity training (including all forms of diversity and not limited racial diversity), coordinate EEOC and MDCR complaints, and any other relevant tasks under the purview of this appointed position within the discretion of the Mayor or the City's HR director, which ultimately included assistance with planning for the census.**

**INTERROGATORY NUMBER 14**

If Defendant contends there is a nondiscriminatory explanation for the treatment Plaintiff claims is discriminatory, state the explanation in detail.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

**ANSWER:**  Defendants did not and do not have knowledge of any discrimination or adverse employment action against Plaintiff.  In fact, Plaintiff tendered his resignation to the City on the basis that the City would not immediately agree to his demands for a substantial pay raise and staff for his sub-department.

**INTERROGATORY NUMBER 15**

Was Plaintiff ever disciplined in any way?  If so, with respect to the decision to discipline Plaintiff, please state the date on which it was made, the date on which Plaintiff was informed, how Plaintiff was informed (i.e. verbally, in writing, other?), if done verbally, who specifically informed Plaintiff and, if others were present, their name(s), address(es), phone number(s) and job title(s), the name(s), address(es), phone number(s) and job title(s) of the person or persons who made it, the name(s), address(es), phone number(s) and job title(s) of any other   person or persons who contributed to it, each and every reason, with specificity, why Plaintiff was disciplined, and produce all documents that refer or relate, or in any way contributed to or supported the decision, to discipline Plaintiff.

**ANSWER: No.**

**INTERROGATORY NUMBER 16**

State the contents of Defendant(s)' written company rules, employee handbooks, and policies and procedures concerning terms and conditions of (salaried, hourly, etc.), employment from the date Plaintiff was hired by Defendant through the date Plaintiff's professional relationship with Defendant ceased.

Also, please state:

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

a.    If such rules, policies and procedures have been changed, modified or supplemented, indicate what rules and policies were in effect at time Plaintiff's employment with Defendant(s) ceased and what subsequent changes or modification have been made by date;

b.    If any rules, policies or procedures were not in existence as of time Plaintiff was terminated, but subsequently implemented, indicate the date on which such rule, policy or procedure was implemented; and

c.    Produce a copy of any such writing.

**ANSWER:** **Defendants object to the scope of this request where it seeks information that irrelevant and immaterial to the claims asserted by Plaintiff and render the request unduly burdensome.  Subject to and without waiving any objections, upon reasonable search, to the extent such documents exist, see attached and documents produced with Defendants' Initial Disclosures. Discovery is ongoing, Defendants reserve the right to supplement this response.**

**INTERROGATORY NUMBER 17**

If Defendant(s) have ever been sued in a sexual harassment, discrimination, retaliation or wrongful discharge lawsuit other than this action in the past ten years, please state the name and location of the Court in which each lawsuit was filed, the Court file number or case number of the lawsuit, the date the lawsuit was commenced, and the disposition.

a.        Produce all documents related to the above.

**ANSWER:** **Defendants object to this request as grossly overbroad and unduly burdensome. Incidents of allegation of discrimination on grounds dissimilar to those claims raised by Plaintiff are completely irrelevant and immaterial to this litigation.  Defendants further object where all such records are public and would be available in either the Macomb County Circuit Court or the United States District Court for the Eastern District of Michigan which would be the only court's with jurisdiction over Defendants rendering this request unduly burdensome. No further response will be provided.**

11

**INTERROGATORY NUMBER 18**

With respect to any and all employment or contractual agreement(s) between Defendant(s) and Plaintiff, please state:

a.      the exact date upon which Plaintiff and Defendant(s) entered into each employment or contractual agreement(s);

b.      the specific terms of each agreement(s);

c.      the date of any modifications or termination of each agreement(s);

d.      the names of all individuals who participated in any communications which resulted in any modifications or terminations of each agreement(s); and

e.      produce a copy of all such writings.

**ANSWER: See attached. The contract terms speak for themselves.**

**RESPONSES TO REQUESTS TO PRODUCE**

**REQUEST TO PRODUCE NUMBER 1**

Please produce a complete copy of any and all documents identified in, or which were used to formulate, your answers to Plaintiff's First Set of Interrogatories.

**ANSWER**: **See attached.**

**REQUEST TO PRODUCE NUMBER 2**

A complete and unredacted copy of Plaintiff's employee/personnel file, including any and all evaluations of Plaintiff's performance.

**ANSWER**: **See attached.**

12

**REQUEST TO PRODUCE NUMBER 3**

Produce a complete copy of any and all records, investigatory documents, memoranda, notations, statements, summaries and all other documents, including, but not limited to, all computer and electronic records, relating to the matter in controversy which were authored by you and/or any of your agents, servants, and/or employees or which you and/or any of your agents, servants, and/or employees obtained from, or as a result of interviewing any person purporting to have knowledge or information concerning the matters addressed in Plaintiff's Complaint and/or your defenses.

**ANSWER: None exist. As stated in response to the Interrogatories, Defendants had no knowledge of any discrimination or adverse employment action against Plaintiff until 9 months after he resigned when he filed a charge with the EEOC.**

**REQUEST TO PRODUCE NUMBER 4**

Any documents that may assist or in any way substantiate or refute Plaintiff's allegations that he was subjected to discrimination, or retaliation by Defendant.

**ANSWER: No documents substantiate Plaintiff's allegations. Documents that refute Plaintiff's allegations are attached hereto. Discovery is ongoing. Defendants reserve the right to supplement this response.**

**REQUEST TO PRODUCE NUMBER 5**

Produce a complete copy of every exhibit which you anticipate you may use, or intend to use, at trial, deposition, case evaluation or a motion.

**ANSWER: See attached. Defendants' reserve the right to supplement this response.**

13

**REQUEST TO PRODUCE NUMBER 6**

A complete copy of any written communication, in any form including, but not limited to, court documents, memoranda, emails, letters, instant messages, and/or any written or electronic communication of any type, regarding the allegations made in Plaintiff's complaint.

**ANSWER: Defendants object to the form of this request where it seeks a broad category of communications premised upon allegations that are largely denied or relate to irrelevant and immaterial issues and where Plaintiff made no allegations of discrimination against him by anyone at the City of Warren. Upon reasonable search, Defendants are not aware of any written communications evidencing discrimination of Plaintiff.**

**REQUEST TO PRODUCE NUMBER 7**

Produce a complete copy of any written or recorded statements from any one, which you have obtained in connection with this case.  Identify any documents which you contend are protected by the attorney/client or work product privilege in a privilege log.

**ANSWER: On information and belief, none exist.  Defendants reserve the right to supplement this response.**

**REQUEST TO PRODUCE NUMBER 8**

Any documents received via FOIA or subpoena in this case (NOTE: you have a duty to supplement).

**ANSWER: On information and belief, none.  Defendants reserve the right to supplement this response.**

**REQUEST TO PRODUCE NUMBER 9**

Any responses by Defendant to grievances from the EEO, EEOC, or other complaints filed by the Plaintiff.

14

**ANSWER: See Defendants' Position Statement dated November 26, 2018.**

## REQUEST TO PRODUCE NUMBER 10

Any employee handbook or document provided to Plaintiff during his employment with Defendant.

**ANSWER: To the extent such documents exist, see attached and see documents produced with Defendants' Initial Disclosures.**

## REQUEST TO PRODUCE NUMBER 11

Any and all documents or records which constitute communications between Defendants and Plaintiff.

**ANSWER: Any documents or records maintained are attached hereto.  Discovery is ongoing. Defendants reserve the right to supplement this response.**

## REQUEST TO PRODUCE NUMBER 12

Any and all performance evaluations, reviews, or records of such of Plaintiff during his time at Defendant company.

**ANSWER: None exist.**

## REQUEST TO PRODUCE NUMBER 13

Any summary plan description for any benefit which Plaintiff received during her employment and/or professional relationship with Defendant.

15

**ANSWER: Defendants object to this request as vague and ambiguous.   To this end, on information none exist.**


### REQUEST TO PRODUCE NUMBER 14

Any income tax records pertaining to Plaintiff's employment with Defendant, including any and all

W-2 earning statements and/or 1099 earning statements.

**ANSWER: Defendants object to this request where Plaintiff would be in possession of any such documents rendering the request unduly burdensome. Further, Defendants object where these records are presumably already in possession of the Plaintiff.**


### REQUEST TO PRODUCE NUMBER 15

Any and all payroll stubs and/or paycheck stubs setting forth Plaintiff's earnings while employed by

or performing services for Defendant.

**ANSWER: Defendants object to this request where Plaintiff would be in possession of any such documents rendering the request unduly burdensome. Further, Defendants object where these records are presumably already in possession of the Plaintiff.**


### REQUEST TO PRODUCE NUMBER 16

Any and all communications, including but not limited to emails, relating to the handling of Plaintiff's

reports of discrimination.

**ANSWER: Defendants object to this request where it seeks irrelevant and immaterial information that is unlikely to lead to discoverable or admissible evidence. Defendants further object to this request where it seeks documents substantially beyond the scope of the subject matter of this litigation or the legal claims asserted thereto rendering it unduly burdensome. Defendants further object to this request to the extent it seeks discovery of documents protected by the attorney-client privilege and attorney work product doctrine. Given that the requested**

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

documents do not bear on any aspect of the legal claims asserted by Plaintiff, to the extent such documents may even exist, no responsive documents are being produced.

**REQUEST TO PRODUCE NUMBER 17**

Any and all discrimination complaints against Jere Green.

**ANSWER:** Defendants object to this request where it seeks irrelevant and immaterial information that is unlikely to lead to discoverable or admissible evidence. Defendants further object to this request where it seeks documents substantially beyond the scope of the subject matter of this litigation or the legal claims asserted thereto rendering it unduly burdensome. Defendants further object to this request to the extent it seeks discovery of documents protected by the attorney-client privilege and attorney work product doctrine.   Subject to and without waiving these objections, Jere Green has been dismissed form this case and is not aware of any race-based discrimination claims by a Mayoral appointee or sub-department head similarly situated to Plaintiff during the lengthy period of his employment at the City of Warren.

**REQUEST TO PRODUCE NUMBER 18**

Please produce the entire unredacted personnel files of:

    a.   Jere Green;

    b.   James Fouts;

    c.   Ethan Vinson.

**ANSWER:**   Defendants object to this request where it seeks irrelevant and immaterial information that is unlikely to lead to discoverable or admissible evidence. Defendants further object to this request where it seeks documents substantially beyond the scope of the subject matter of this litigation or the legal claims asserted thereto rendering it unduly burdensome. Defendants further object to this request to the extent it seeks discovery of documents protected by the attorney-client privilege and attorney work product doctrine.   Subject to and without waiving these objections, personnel files are not maintained for the requested individuals who are Mayoral appointees or elected official(s).

**REQUEST TO PRODUCE NUMBER 19**

Please produce the entire files regarding any complaints, grievances, or harassment complaints of any

kind filed and/or made against:

     a.  Jim Fouts;

     b.  Jere Green;

     c.  Ethan Vinson.

**ANSWER: Defendants object to this request where it seeks irrelevant and immaterial information that is unlikely to lead to discoverable or admissible evidence. Defendants further object to this request where it seeks documents substantially beyond the scope of the subject matter of this litigation or the legal claims asserted thereto rendering it unduly burdensome. Defendants further object to this request to the extent it seeks discovery of documents protected by the attorney-client privilege and attorney work product doctrine. Given that the requested documents do not bear on any aspect of the legal claims asserted by Plaintiff, Defendants are not aware of any race-based discrimination claim or grievance by a Mayoral appointee or sub-department head similarly situated to Plaintiff during the period of his employment against any of these 3 individuals.**

**REQUEST TO PRODUCE NUMBER 20**

Any and all investigation packets and all related materials for any investigations involving Plaintiff.

**ANSWER: Defendants object to this request as vague and ambiguous where Plaintiff does not define the subject matter relevant to this request or what he means by "investigations involving Plaintiff." Defendants cannot reasonably respond to the request as framed where it cannot determine the scope of the request or its relevancy to the claims alleged by the Plaintiff in this civil action.**

**REQUEST TO PRODUCE NUMBER 21**

Any written requests to receive a copy of Plaintiff's personnel file, submitted at any time by anyone.

**ANSWER: To the best of Defendants knowledge, none exist.**

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

**REQUEST TO PRODUCE NUMBER 22**

Please produce a copy of all of Plaintiff's job description(s) for the position(s) held by Plaintiff while

employed by Defendant(s), including any and all modifications thereto.

**ANSWER: No formal description was ever generated except as prepared by Plaintiff, of which
he is obviously in possession. Also see attached the job posting description prepared prior to
Plaintiff's appointment.**

**REQUEST TO PRODUCE NUMBER 23**

Please produce all documents relating to each oral or written complaint of discrimination in

employment or wrongful discharge against Defendant(s) in the past ten (10) years relating to any of

its employees. These should include formal lawsuits, those made against Defendant(s) to an

administrative agency such as the EEOC, OFCC, The Michigan Department of Civil Rights, or a state

fair employment agency, as well as those made solely within Defendant(s)' company structure

**ANSWER: See Response and objections to Interrogatory #8.**

**REQUEST TO PRODUCE NUMBER 24**

Please produce a copy of any and all emails from email accounts belonging to or used by the

following individuals:

    a) James Fouts;

    b) Jere Green;

    c) Ethan Vinson.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

**ANSWER: In addition to the general objections above, Defendants object to this request as unduly burdensome and grossly overbroad where it seeks all emails, regardless of subject matter or time from the three top-ranking officials with the City of Warren. Defendants object to this request where it seeks irrelevant and immaterial information that is unlikely to lead to discoverable or admissible evidence. Defendants further object to this request where it seeks documents substantially beyond the scope of the subject matter of this litigation or the legal claims asserted thereto rendering it unduly burdensome. Defendants further object to this request to the extent it seeks discovery of documents protected by the attorney-client privilege and attorney work product doctrine. No further response will be provided.**

## REQUEST TO PRODUCE NUMBER 25

Please produce any and all emails from emails accounts belonging to James Fouts, Ethan Vinson, and/or Jere Green that contain the words "Greg", "Murray", "lawsuit", "diversity", "nigger", "harassment", "harass", "harass!", "chimpanzee", "chimpanzees", "hag", "cunt", "Kwame", "Mungo", "Marko", "Rasor", "Howlett", "Amanda", "Mika", "black", "blacks", "sue", "sued" or that pertain to Plaintiff in any way.

**ANSWER:   Defendants object to the attempt to designate as overboard and unduly burdensome. There are hundreds of employees in the City of Warren.  Select email accounts for individuals is a proper starting point for discovery and should be limited to the timeframe of Plaintiff's employment with the City.  Any request for a general search of the City's database and network would be exceptionally costly, such costs should, if grounds exist to warrant such an intrusion into all employee emails, be borne solely by Plaintiff.**

**Additionally, Defendants object to the identified search terms as grossly overbroad again. The allegations set forth in the Complaint and inapplicability of other lawsuits to the claims by Plaintiff here. Such a search is disproportionate to the claims and likely to yield substantial if not entirely irrelevant and immaterial results.  Accordingly, Defendants object to the all of the search terms as premised above. Defendants further object to all requested emails from Ethan Vinson, the City's attorney, which as pertinent to this litigation are subject to attorney-client privilege to the extent any such email communications relate to this subject matter. Defendants further object to this request where the City does not retain all electronic data from employee email accounts nor does it require employees to store all data, nor does it maintain terminated employee accounts in perpetuity, such as former Police Commissioner Green, unless specifically retained pursuant a legal obligation, none of which occurred here where Plaintiff's Notice to Preserve Information was exceedingly vague in scope and contained no reference to any individual employee of the City of Warren and referenced only Plaintiff and Mayor Fouts. Subject to and without waiving any objections, a search of the email network in this manner is highly unlikely to yield any relevant or material emails or data.**

**REQUEST TO PRODUCE NUMBER 26**

Please produce any and all cell phones owned or operated by the following individuals during the dates of Plaintiff's employment with Defendant (Plaintiff will agree to allow Defendants to submit phone to a qualified neutral third-party for examination):

    a) James Fouts;

    b) Jere Green.;

**ANSWER: Defendants categorically object to this request as overbroad and unduly burdensome where it seeks all messages, regardless of subject matter from Defendant Fouts and non-party former Police Commissioner Green. Defendants further object to the request to examine the <u>personal</u> cell phone of Defendant Fouts and former Police Commissioner Jere Green's cell phone as improper and obviously intended only for harassment. Subject to and without waiving any objections, neither individual possess(ed) a City-sponsored cellular phone and, further neither has retained the personal cellular phone they were using in 2017 as there would be no reasonable or logical need for doing so.**

**REQUEST TO PRODUCE NUMBER 27**

Please produce any and all recordings of conversations between Mayor James Fouts and Plaintiff.

**ANSWER: None to Defendants knowledge.**

**REQUEST TO PRODUCE NUMBER 28**

Please produce any and all recordings of conversations between Plaintiff and any other agent of Defendant.

**ANSWER: None known to Defendants.**

KIRK, HUTH, LANGE & BADALAMENTI, P.L.C.

**REQUEST TO PRODUCE NUMBER 29**

Please produce any and all recordings of Defendant Fouts including, but not limited to, recordings of any harassment trainings.

**ANSWER: None known to Defendants.**

Respectfully submitted,

**KIRK, HUTH, LANGE & BADALAMENTI, PLC**

s/Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)
Email: rbadalamenti@kirkhuthlaw.com
Attorneys Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900

Dated:  March 20, 2020

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 20, 2020, she served the foregoing paper upon Jonathan R. Marko, Esq., Attorney for Plaintiff, 1300 Broadway Street Fifth Floor, Detroit, MI 48226, via first class mail, with postage fully prepaid thereon.

s/Raechel M. Badalamenti
RAECHEL M. BADALAMENTI (P64361)