UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MURRAY,

          Plaintiff,

v.

Case No.: 19-13010
Hon. Gershwin A. Drain

CITY OF WARREN, *et al.*,

          Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR ORDER TO SHOW CAUSE [#48] AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER [#50]

**I.    INTRODUCTION**

Plaintiff Gregory Murray brings Title VII and Michigan ELCRA race discrimination, hostile work environment and retaliation claims, Equal Protection and *Monell* 42 U.S.C. § 1983 claims, and a promissory estoppel claim stemming from his employment with the Defendant City of Warren. Plaintiff also brings his claims against the City's Mayor, James Fouts, and the City's former Police Commissioner, Jere Green.

Presently before the Court is the Plaintiff's Motion to Compel Defendants' Discovery Answers and Motion for Order to Show Cause, filed on October 7, 2020. Defendants filed their Response in Opposition on October 14, 2020. Plaintiff has failed to file a reply in support of his present motion, and the time for

doing so has expired. *See* ECF No. 49 (setting October 16, 2020 reply deadline).

Also, before the Court is the Defendants' Motion for Protective Order, likewise submitted on October 7, 2020. Plaintiff filed a Response in opposition on October 8, 2020, and Defendants filed a reply in support of their motion on October 13, 2020.

A hearing on these matters was held on October 20, 2020. For the reasons that follow, the Court denies the Plaintiff's Motion to Compel and Motion for Order to Show Cause and grants the Defendants' Motion for a Protective Order.

## II.     FACTUAL BACKGROUND

The facts giving rise to this action were set forth in this Court's August 19, 2020 Opinion and Order granting in part and denying in part Defendants' Motion for Partial Dismissal.[1] ECF No. 43, PageID.679-82. As such, the Court will only discuss the facts necessary to the resolution of the motions presently before it.

On August 17, 2020, Magistrate Judge R. Steven Whalen issued an Opinion and Order granting in part and denying in part the Plaintiff's Motions to Compel. ECF No. 40. In his August 17, 2020 Opinion and Order, Magistrate Judge Whalen ordered the Defendants to produce supplemental answers to the Plaintiff's First Set of Interrogatories Nos. 2, 8, 10, and 17, the Plaintiff's First Requests to Produce

---

[1] The Court dismissed Plaintiff's substantive due process and breach of contract claims. *Id*.

("RTP") Nos. 14, 15, 16, 18, 20 and 25, and the Plaintiff's Second Request to Produce No. 2.

However, Magistrate Judge Whalen's Opinion and Order limited several interrogatories and requests to produce. Relevant here is the Plaintiff's First Request to Produce No. 25, which seeks emails from Fouts,' Green's, and Ethan Vinson's email accounts. Magistrate Judge Whalen limited this request to emails containing the search terms, "Greg," "Murray," "Harras!," "chimpanzee!," "black," and "ni****." Magistrate Judge Whalen also limited Plaintiff's Second Request to Produce No. 2 to emails from Amanda Mika's account that include the same search terms as those used for RTP No. 25.

Two days after Magistrate Judge Whalen issued his Opinion and Order, counsel for Plaintiff sent correspondence to Defendants' counsel "demanding that you comply with Judge Whalen's order immediately." ECF No. 48, PageID.767. However, on September 3, 2020, Magistrate Judge Whalen issued another order requiring Defendants to produce the supplemental answers and documents he ordered on August 17, 2020 "within 21 days of the date of this Order[,]" and setting forth a schedule for the depositions in this matter. ECF No. 46. As such, Defendants were required to submit their supplemental answers and produce the requested documents no later than September 24, 2020.

On September 24, 2020, counsel for Defendants sent an email to Plaintiff's counsel indicating that Defendants were "nearly finished with putting together responsive documents and supplemental discovery responses as ordered by Judge Whalen." ECF 60, PageID.1030. Instead of sending the materials piecemeal as some documents were still being reviewed by counsel, Defendants' counsel proposed that they send everything in one email the following day. *Id*. Plaintiff failed to respond and indicate whether this proposal was acceptable to him.

The next day, Defendants served their Third Supplemental Responses to Plaintiff's First Interrogatories and Requests to Produce and their First Supplemental Response to Plaintiff's Second Request to Produce. As to the emails that included the terms "Greg," "Murray," "Harras!," "chimpanzee!," "black," and "ni****" from Fouts,' Gere's, and Vinson's email accounts, Defendants supplemented their answer by indicating 36,000 pages containing commercial content such as news, journal and law-based subscriptions and advertisements were withheld from the production because it would be unduly burdensome to produce this irrelevant material. Defendants' supplemental response also explained that thousands of irrelevant emails where the search terms were used in a context unrelated to the issues in this case were also withheld because they were irrelevant and unduly burdensome to sift through for privilege issues and confidentiality concerns. Finally, Defendants indicated that the withheld documents were

4

available for in-person or remote inspection. Specifically, Defendants' Supplemental Answer to RTP No. 25 states as follows:

> SUPPLEMENT: In compliance with Magistrate Whalen's 8/17/2020 Opinion and Order at Dk #40, Pg ID 670 and 672 and the subsequent discussion between counsel agreeing not to expand the list of search terms deemed relevant, a complete network search was undertaken by the City of Warren's Technology Department for Record Custodians "Mayor" "Ethan Vinson" and "Jere Green" using each of the search terms specified. Each email identified as containing one of the search term was excised and provided to counsel for Defendants. The results produced commercial content (news, journal and law-based subscriptions and advertisements) that exceeded 15,000 pages for Mayor, 18,000 pages for Mr. Vinson, and 3,500 pages for Mr. Green. This commercial content is obviously irrelevant and, further, is burdensome to produce. It was thereby removed from the production. Search results also included thousands of irrelevant emails where the specified search terms are used in other contexts, for example "black" when used to reference an object's color or "Greg" when referring to a different City employee with this first name. It is unduly burdensome to require Defendants to evaluate each of these emails for confidentiality issues (HIPAA, deliberative process privilege, etc) and/or attorney-client privilege where cursory review confirms the reason for their 'hit' in the search. Accordingly, this category of obviously irrelevant emails were removed from the production. That being so, the emails removed from the production can be made available for inspection by Plaintiff's counsel at the offices of Kirk Huth Lange & Badalamenti, PLC or via "screenshare" at a mutually agreeable date and time with not less than two (2) weeks notice. All remaining emails results are attached hereto.

ECF No. 60, PageID.1054. As to Defendants' supplemental response to Plaintiff's Second Request to Produce No. 2, which sought emails from Ms. Mika's account, Defendants similarly withheld 2,900 pages of commercial content and thousands of emails that were unrelated to the issues in the case even though these documents

contain one of the search terms, "Greg," "Murray," "Harras!," "chimpanzee!," "black," and "ni****." Defendants likewise offered to make these withheld documents available for inspection.

On September 30, 2020, Plaintiff's counsel sent correspondence to Defendant's counsel complaining that the September 25, 2020 production was incomplete because Defendants failed to provide all of the emails from Fouts,' Gere's, Vinson's and Mika's accounts which included the terms, "Greg," "Murray," "Harras!," "chimpanzee!," "black," and "ni****." *Id*. Plaintiff's counsel indicated that:

> Judge Whalen did not give you free reign to decide what emails were relevant and which were not. The issue of production of emails was thoroughly briefed and argued before the Judge and he specifically ordered that all emails containing the specific search terms from the email accounts of Fouts, Green, Vinson, and Mika be produced.
> \*       \*       \*
> [Y]ou have until the end of the week to produce the requested discovery. Failure to do so will force us to file a motion for show cause as to why you should not be held in contempt for violating the Judge's orders. This letter serves as a request for concurrence in that motion.

*Id*.

On October 5, 2020, Defendants' counsel responded to Plaintiff's counsel indicating that the 40,000 pages of withheld documents were available for inspection. *Id*. at 1010. Counsel explained that the withheld emails consisted of commercial content (news, journal and law-based subscriptions and

6

advertisements) or otherwise dealt with unrelated city business, such as a "black" mailbox install or a resident or City employee named "Greg," thus the documents were irrelevant. *Id*. She further advised that some of the withheld documents contained data protected by HIPPA and that raised other privacy concerns, thus a massive undertaking for privilege issues would be required unnecessarily because these documents were irrelevant to the claims or defenses in the litigation. *Id*. In addition to offering Plaintiff's counsel an opportunity to conduct an in-person or remote review of the withheld emails, Defendants' counsel also suggested providing the withheld materials to a federal magistrate judge or a discovery master for *in camera* review. *Id*.

Instead of responding to counsel's offer to inspect the withheld documents or send them for an *in camera* review, Plaintiff's counsel retorted, "[i]f you do not produce the emails to my office by the end of the day, I'm going to file a motion for default and to show cause." *Id*. at 1009. Two days later, Plaintiff's counsel filed a Motion to Compel and Motion for an Order to Show Cause asserting he is entitled to entry of a default judgment under Rule 37 of the Federal Rules of Civil Procedure due to Defendants' withholding of 40,000 pages of emails in contravention of Magistrate Judge Whalen's August 17, 2020 Opinion and Order. Alternatively, Plaintiff asks that the Court strike Defendants' affirmative defenses, or require the Defendants produce the withheld email documents within seven

7

days. Plaintiff's counsel maintains that the Court should enter an order for Defendants to show cause why they should not be held in contempt for failure to comply with the Magistrate Judge's Opinion and Order.

On October 9, 2020, Defendants produced their Fourth Supplemental Response to Plaintiff's First Interrogatories and Requests to Produce and their Second Supplemental Response to Plaintiff's Second Request to Produce. Defendants' provided second supplemental responses to the Plaintiff's First Request to Produce No. 25 and Plaintiff's Second Request to Produce No. 2. Defendants explained that after realizing a "time gap" in the search results, they contacted the City's service provider to confirm that all "emails were 'tagged' and searchable." ECF 60, PageID.1088. Thereafter, the Defendants re-ran the search and approximately 19,000 additional pages of commercial content and unrelated City emails were found in the four record custodian's email accounts and have been withheld and are available for inspection or *in camera* review. *Id.*

### III. LAW & ANALYSIS

#### A. Motion to Compel and Motion for an Order to Show Cause

Federal Rule of Civil Procedure 37(b) provides that if a party fails to obey an order regarding discovery, the district court may make such orders as are just. *See* Fed. R. Civ. P. 37(b)(A). The district court may impose Rule 37 sanctions that prohibit a party from introducing certain matters in evidence, that strike pleadings,

8

or as a sanction of last resort, the district court may dismiss an action or enter a default judgment against the disobedient party. *See id.*, (i)-(iv).

In determining whether to impose a default judgment as a discovery sanction, the Court considers (1) whether the non-compliant party acted willfully or in bad faith; (2) whether the opposing party suffered prejudice; (3) whether the non-compliant party was warned that failure to cooperate in discovery could result in a default judgment; and (4) whether less drastic sanctions were imposed or considered. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Plaintiff's sole complaint appears to be Defendants' failure to produce 60,000 pages of commercial content and emails concerning unrelated City matters. The Magistrate Judge held that "[g]iven the claims in the present case, some of the designated search terms are evidently relevant." ECF 40, PageID.670. Magistrate Judge Whalen further held that: "Defendants will apply those search terms and produce any emails containing those terms, subject to claims of privilege and production of a privilege log." *Id.*

Defendants claim they have produced everything ordered by the Magistrate Judge, except for what is identified on the Privilege Log. As to the documents that were withheld from production, Defendants argue it would be too burdensome to produce nearly 60,000 pages of irrelevant commercial content and City emails

unrelated to the claims and defenses in this litigation. Defendants argue the withheld documents are available for inspection. In the alternative, Defendants have offered to send the withheld documents to the Magistrate Judge or a discovery master for an *in camera* review.

A party is entitled to evidence relevant to the claims and defenses in the case and proportional to the needs of the case taking into consideration "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b). As to the commercial content, Plaintiff has failed to explain how it is relevant to the claims and defenses in this litigation. The importance of the commercial content (news, journal and law-based subscriptions and advertisements) to this case appears to be minimal at best and the burden of producing more than 36,000 pages of commercial content outweighs any benefit it might provide to Plaintiff. Plaintiff has refused Defendants' offer to inspect these documents or send them for an *in camera* review.

As to the emails, Defendants' claim they are irrelevant because the specified search terms were used in a different context, such as the installation of a "black" mailbox, or reference to "Greg," a resident or City employee with Plaintiff's same name. Defendants argue it is unduly burdensome to require them to evaluate thousands of emails for privilege where cursory review confirms their irrelevance

to this litigation. Plaintiff also fails to explain the importance of the emails containing the search terms that are used in a context irrelevant to this matter and the burden of producing the thousands of irrelevant emails outweighs the indiscernible benefit to Plaintiff. Plaintiff likewise refused Defendants' offer to inspect these emails or send them for an *in camera* review. Plaintiff has not established he is entitled to these documents under the Federal Rules of Civil Procedure.

Upon careful review of the record in this matter, the Court cannot conclude Defendants violated Magistrate Judge Whalen's discovery order. Rather, the record reveals that Defendants have endeavored to comply with the letter and spirit of Magistrate Judge Whalen's Opinion and Order. Defendants even contacted a third-party to verify their search tagged all of the emails from the four custodians' email accounts and supplemented their answers on October 9, 2020. Plaintiff has not demonstrated he has a right to these irrelevant materials under Rule 26 where these documents have no discernible importance to the issues in this litigation and the burden to produce them outweighs their indiscernible benefit to Plaintiff. *See* Fed. R. Civ. P. 26(b). Finally, Plaintiff's failure to respond to counsel's offer of an inspection or *in camera* review in lieu of filing the instant Motion to Compel is very troubling.

Even if the Court found that Defendants violated the Magistrate Judge's order, Plaintiff has not demonstrated that he is entitled to a default judgment under Rule 37 where the evidence of record reveals no willfulness, bad faith or fault on the Defendants' part. *See Abbe*, 916 F.2d at 1073 (requiring the court to consider whether the failure to comply with the discovery order is due to willfulness, bad faith, or fault of the disobedient party). It is beyond dispute that Plaintiff did not obtain all of the relief sought in his original motions to compel. The Magistrate Judge significantly limited Plaintiff's discovery requests. Defendants have not acted in bad faith. They have conducted multiple searches for the requested emails and made the irrelevant 60,000 pages of commercial content and emails related to other City business available for inspection.

Plaintiff has not identified how he is prejudiced by the failure to produce more than 36,000 pages of commercial content and thousands of pages of emails that are irrelevant to the issues in this case. *Id*. (requiring the district court to evaluate the prejudice to the moving party in fashioning an appropriate Rule 37 sanction for discovery order violations). Additionally, Defendants have never been warned that a failure to comply with a discovery order may lead to the imposition of sanctions, and they certainly were never admonished that one of the most drastic sanctions – entry of a default judgment – might occur if they failed to comply with the Magistrate Judge's discovery orders. *Id.*

Finally, there are a plethora of less drastic sanctions that could be imposed. *Id.* However, the record before this Court does not support the imposition of any Rule 37 sanctions where the record reveals Defendants have diligently worked to complete their document production in accordance with the Magistrate Judge's Opinion and Order. The record also shows Plaintiff has failed to respond to counsel's emails, and instead of attempting to resolve their discovery dispute to avoid unnecessary Court intervention, Plaintiff filed the instant motion. Defendants have given Plaintiff permission to inspect the withheld documents. Plaintiff may do so at a time convenient to Defendants' counsel, or the parties may retain a discovery master to conduct an *in camera* review. In the event the latter option is chosen, Plaintiff shall be responsible for 50% of the costs. Plaintiff's Motion to Compel and Motion for Order to Show Cause is denied.

### B. Motion for Protective Order

Defendants move for a protective order precluding the use of the video and audio recordings of the remote depositions other than for this litigation and requiring the court reporter to maintain the video or audio recordings, unless the Court orders otherwise due to witness unavailability. Defendants also seek a protective order precluding the use of the deposition transcripts other than for this litigation. Defendants ask that the protective order further require that the

recordings and transcripts be destroyed after the conclusion of this matter. Plaintiff opposes Defendants' requested relief.

Federal Rule of Civil Procedure 26(c) provides this Court with authority to issue a protective order for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including," orders "forbidding the disclosure of discovery" and "requiring that a deposition be sealed and opened only on court order." Fed. R. Civ. P. 26(c). Here, the Court finds Defendants' requested relief is appropriate in light of the status of the individual Defendants and the media interest and coverage already generated by this case. Because of these circumstances, there is a real risk that release of the recordings or transcripts could taint the jury pool or expose the Defendants to "annoyance, embarrassment, [and] oppression" should the media mischaracterize or take the deponents' deposition testimony out of context.

Plaintiff complains that Defendants' request violates the presumption in favor of public access. Plaintiff's objection to the proposed protective order is meritless. At this stage of the proceedings, deposition transcripts and audio and video recordings are not entitled to the presumption of public access. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related to the underlying cause of action. Therefore, restraints placed on discovered, but not

yet admitted, information are not a restriction on a traditionally public source of information."). The Court concludes that Defendants have established good cause for granting their requested relief.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion to Compel and Motion for Order to Show Cause [ECF No. 48] is DENIED.

Defendants' Motion for Protective Order [ECF No. 50] is GRANTED.

SO ORDERED.

Dated: October 22, 2020 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 22, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager