UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MURRAY,

    Plaintiff,

vs.

CITY OF WARREN and
MAYOR JAMES FOUTS,

    Defendants.
_____/

Case No. 2:19-cv-13010
Hon. Gershwin A. Drain
Mag. R. Steven Whalen

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE* [#142] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* [#134]

### I.   INTRODUCTION

Plaintiff filed the instant action against Defendants City of Warren and Mayor James Fouts alleging race discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e-2(a), violation of 42 U.S.C. § 1983, the Equal Protection Clause and *Monell*, as well as violation of Michigan's Elliot Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.*, in addition to other claims that the Court dismissed under Rules 12(b)(6) and 56(a) of the Federal Rules of Civil Procedure in previous orders. *See* ECF Nos. 43, 132. Now before the Court are the parties' respective motions *in limine*. A hearing on the parties' motions *in limine* was held on December 7, 2021.

For the reasons that follow, the Court will grant in part and deny in part the parties' respective motions *in limine*. Specifically, Equal Employment Opportunity Commission (EEOC) employee Lolita Davis's testimony, expert Dr. Sheiner's testimony, the December 1, 2017 Exodus email correspondence, and evidence suggesting Plaintiff was prevented from scheduling training sessions, as well as Plaintiff's replacement's race, pay rate and whether he had a staff are all admissible at trial. The Court further concludes evidence, testimony and argument related to the audio recordings, Plaintiff's audio recordings expert, non-parties at fault, the public harm, the parties' settlement negotiations and Plaintiff's EEOC charge and resulting investigation are all inadmissible under Rules 401, 403 and 901 of the Federal Rules of Evidence.

## II. FACTUAL BACKGROUND

The genesis of this action stems from Plaintiff's employment with the City as the City's first African American Diversity and Inclusion Coordinator. Plaintiff claims the Mayor interfered with his ability to perform his job duties in the most basic ways, such as making discriminatory comments during diversity training sessions for department level management. Plaintiff maintains the Mayor explicitly forbade him from investigating civil rights violations within the City's police department and gave him duties unrelated to his position. When Plaintiff complained, the Mayor terminated his employment.

Conversely, Defendants maintain Plaintiff cannot establish his claims because he cannot show he was qualified for the position of Diversity Coordinator or that he suffered an adverse employment action when he made outrageous salary and staffing demands. Defendants further assert Plaintiff has no evidence that he was treated less favorably than similarly situated employees. Finally, Defendants also argue Plaintiff cannot establish his *Monell* claim where the evidence of record shows the substantial efforts made by the City and Mayor to promote diversity and inclusion within the City.

### III. LAW & ANALYSIS

#### A. Defendants' Motion *in Limine*

##### 1. Audio Recordings

Defendants seek to exclude argument, evidence and testimony concerning audio recordings purportedly of Defendant Fouts making racist, sexist, and ageist comments and other derogatory remarks. Defendants argue the recordings are irrelevant because they have no temporal proximity to the events giving rise to Plaintiff's claims. They further assert the recordings cannot be authenticated because Plaintiff does not possess the original recordings and there is no witness who can testify to making the recordings and that the recordings accurately reflect statements made by Defendant Fouts.

A motion *in limine* is a tool used to prevent evidence "that clearly ought not

3

be presented to the jury" from reaching the jury. *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). Evidence is generally admissible if it is relevant and not unfairly prejudicial. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991).

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Rule 403 allows the admission of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Unfair prejudice results when a piece of evidence "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Additionally, a threshold issue for admissibility is authenticity. Rule 901 requires the proponent of an item of evidence "to produce evidence sufficient to support a finding that the item is what the proponent claims it to be." Fed. R. Evid. 901(a). Evidence can be authenticated in a variety of ways including through testimony from a person with knowledge regarding the matter or evidence as to the

"appearance, contents, substance … or other distinctive characteristics of the item." Fed. R. Evid. 901(b)(1), (4).

Here, the audio recordings that Plaintiff seeks to introduce into evidence are not the original audio recordings. Plaintiff has not come forward with any witness with personal knowledge of when these recordings were made, who made them, and whether they have been altered. Because Plaintiff cannot authenticate the recordings consistent with Rule 901, they are inadmissible at trial. Additionally, to the extent any of the recordings may have some probative value, the danger of unfair prejudice outweighs the scintilla of probative value the audio recordings will provide to the jury. Plaintiff believes the audio recordings were made more than ten years ago, well before Plaintiff's claims arose. The recordings are not temporarily related to Plaintiff's claims. For all of these reasons, the audio recordings will be excluded from evidence at trial.

## 2. Plaintiff's Expert

Defendants also seek to exclude Plaintiff's expert in audio recording authentication. Because the Court concludes the audio recordings are inadmissible under Rule 901 and Rule 403, this aspect of Defendants' present motion will also be granted.

## 3. Testimony of Lolita Davis

Additionally, Defendants seek to exclude the testimony of Lolita Davis, an EEOC employee who conducted training for Defendant City. Defendants argue Ms. Davis's anticipated testimony is cumulative and unduly prejudicial.

Contrary to Defendants' arguments, Ms. Davis's testimony is relevant to Plaintiff's assertion that Defendant Fouts thwarted his efforts to conduct diversity training within the City's departments. Ms. Davis describes a training session wherein Defendant Fouts' behavior tended to undermine the diversity training. Moreover, Ms. Davis's anticipated testimony supports Plaintiff's *Monell* claim by suggesting Defendant Fouts upheld, enforced, and acquiesced in a policy of inaction when it came to discrimination in the City's municipal departments. Her testimony tends to show Defendant Fouts undermined the diversity training that Plaintiff had set up for the City managers and it may be used to impeach Defendant Fouts' anticipated testimony that he was passionate about improving diversity and inclusion within the City's departments. For these reasons, the Court denies Defendants' request as it relates to Ms. Davis' testimony.

### 4. Testimony, Evidence or Argument Suggesting Plaintiff was "Prevented" from Scheduling Training Sessions

Next, Defendants seek to exclude testimony, argument or evidence suggesting Plaintiff was prevented from scheduling training sessions or that he was limited to only scheduling three sessions. Defendants characterize Plaintiff's anticipated testimony in this regard as misleading and untrue. However, as in their

6

briefing in support of summary judgment, Defendants' selectively focus on the version of the facts that supports their theory of the case. This testimony is directly relevant to Plaintiff's claims. Defendants' complaints about Plaintiff's testimony do not show an evidentiary basis for excluding his testimony on the topic of roadblocks and diversity training. Defendants will be able to cross examine Plaintiff on his efforts at developing training sessions for the City's employees. This aspect of Defendant's present motion will be denied.

### 5. Email Solicitation for Outside Services

Defendants also seek to exclude an email solicitation from Exodus Consulting Group arguing Exodus is not a staffing agency and the email was directed to Defendant Fouts and the City Attorney, and there is no evidence either met with Exodus. See ECF No. 123-30. In response, Plaintiff argues he should be able to present this evidence to demonstrate an adverse employment action.

The Court notes that a review of the document filed at ECF No. 123-30 does not suggest that this is an email correspondence. The document does not discuss replacing the Diversity Coordinator position. However, at the hearing on this matter, Plaintiff's counsel indicated that he would send the entire exhibit to the undersigned's clerk after the hearing. Consistent with counsel's representation, the exhibit was submitted after the hearing via email correspondence to the Court's clerk. Upon review of the exhibit, the Court finds that this evidence is relevant to

the issue of resignation and/or firing. The evidence suggests that Defendant Fouts and the City's attorney met with Exodus staffing to discuss filling the Diversity and Inclusion Coordinator position prior to the December 1, 2017 meeting with Plaintiff. Defendants have not shown an evidentiary basis to preclude admission of this relevant evidence. Accordingly, the Court will deny this aspect of Defendant's present motion.

### 6. Dr. Sheiner's Expert Testimony

Lastly, Defendants seek to exclude the testimony of Dr. Sheiner, who has evaluated Plaintiff and concluded Plaintiff suffers from major depressive disorder. Defendants argue that Dr. Sheiner failed to account for Plaintiff's alcohol and marijuana use in reaching his conclusion. Additionally, Dr. Sheiner opines that Plaintiff suffers from post-traumatic stress disorder (PTSD) but fails to identify a single example for causality of psychiatric distress arising from Plaintiff's employment with the Defendant City.

> Rule 701 of the Federal Rules of Evidence provides:
>
> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue;
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party offering an expert's opinion bears the burden of establishing the admissibility of such opinion by a preponderance of the evidence. *Nelson v. Tennessee Gas Pipeline Co.,* 243 F.3d 344, 251 (6th Cir. 2001). Expert testimony is admissible only if it satisfies the requirements of Rule 702 of the Federal Rules of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods, and;
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court must determine whether the expert's testimony meets three requirements: (1) the expert witness must be qualified by "knowledge, skill, experience, training or education," (2) the proffered testimony is relevant and "will assist the trier of fact to understand the evidence or to determine a fact in issue," and (3) the testimony is reliable in that it is based on scientific, technical or other specialized knowledge. Fed. R. Evid. 702; *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008).

Here, the court concludes that Dr. Sheiner is qualified to testify as an expert.

He has been a psychologist since 1967. He has taught psychology since 1978. He has received many honors and awards for his work in psychiatry, he has been published numerous times, and he has given countless lectures on psychiatry at universities and hospitals. Dr. Sheiner acknowledged Plaintiff's use of alcohol and marijuana and explicitly noted, "rule out alcohol use disorder," and discussed Plaintiff's psychiatric symptoms at length and the causes stemming from his employment with the City. Defendants' arguments are not appropriate for Rule 702 gatekeeping purposes, rather they go to the weight to be accorded Dr. Sheiner's conclusions. Therefore, the Court declines to exclude Dr. Sheiner's expert testimony.

### C. Plaintiff's Motion *in Limine*

#### 1. Placing Fault on Others

Plaintiff first seeks to exclude any argument, evidence, testimony, reference to, or mention of fault of anyone other than Defendant Fouts. Plaintiff argues comparative fault is inapplicable in employment discrimination cases. In response, Defendants assert they offered to stipulate that no non-parties are at fault. However, Plaintiff allegedly rejected this offer. To the extent Plaintiff seeks to exclude evidence suggesting Plaintiff's work performance was the result of his separation from employment, such evidence is relevant, and Plaintiff fails to

10

advance an evidentiary basis for its exclusion. As such, the Court will grant this request in part and will preclude evidence of non-party fault.

### 2. Collateral Sources

Next, Plaintiff seeks to exclude any argument, evidence, testimony, or reference to any collateral source from which Plaintiff has benefited, such as any insurance benefits Plaintiff received. "The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor." *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994).

Defendants do not dispute the collateral source rule is inapplicable here. As such, collateral sources of income evidence will be excluded from trial.

### 3. Public Harm

Plaintiff also seeks to exclude argument, evidence, testimony, or reference to the verdict causing public harm, including argument that the verdict will damage the economy, increase taxes, enrich Plaintiff's attorney, as well as exclude argument that counsel is a hired gun or similar derogatory remark. Defendants respond that they have agreed to stipulate to exclude this type of argument. Accordingly, the Court will grant this aspect of Plaintiff's present motion.

### 4. Settlement Negotiations

Plaintiff also seeks to exclude evidence related to the parties' settlement negotiations. Defendants agree that evidence of settlement negotiations is inadmissible. This aspect of Plaintiff's motion will also be granted.

### 5. EEOC Investigation

Similarly, Defendants have agreed to stipulate to exclude any argument or evidence related to Plaintiff's EEOC charge and resulting investigation. This aspect of Plaintiff's motion will also be granted.

### 6. Plaintiff's Replacement's Race, Pay, and/or Lack of a Team

Finally, Plaintiff seeks to exclude any argument, evidence, testimony, reference to, or mention that Plaintiff's replacement as Diversity Coordinator was African American, Plaintiff's replacement's salary, and whether Plaintiff's replacement had a team working for him or whether he requested a team. Plaintiff argues this evidence is irrelevant, and even if the Court deemed it to have some relevance, any probative value is outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Plaintiff argues his claims are not based on being replaced by a person outside of his protected class, but that Defendants treated similarly situated employees outside of Plaintiff's protected class more favorably than they treated Plaintiff.

Contrary to Plaintiff's argument, this evidence is relevant to his prima facie case and whether Defendants can rely on the same actor inference at trial. This aspect of Plaintiff's motion *in limine* will be denied.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion *in Limine* [#142] is GRANTED IN PART and DENIED IN PART.

Plaintiff's Motion *in Limine* [#134] is GRANTED IN PART and DENIED IN PART.

Lolita Davis's testimony, Dr. Sheiner's testimony, the December 1, 2017 Exodus email correspondence, and evidence suggesting Plaintiff was prevented from scheduling training sessions, as well as Plaintiff's replacement's race, pay rate and whether he had a staff are all admissible at trial. Conversely, evidence, testimony and argument related to the audio recordings, Plaintiff's audio recordings expert, non-parties at fault, the public harm, the parties' settlement negotiations and Plaintiff's EEOC charge and resulting investigation are all inadmissible.

Plaintiff's counsel shall file a copy of the exhibit sent to the undersigned's clerk on December 7, 2021 on CM/ECF so that it is part of the official record in this matter. The exhibit shall be filed forthwith.

SO ORDERED.

Dated:  December 8, 2021  /s/Gershwin A. Drain  
GERSHWIN A. DRAIN  
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 8, 2021, by electronic and/or ordinary mail.  
/s/ Teresa McGovern  
Case Manager